The Chancellor.
The facts set forth in the answer of .Elizabeth Boyd, on which the priority of her mortgage is claimed, are fully proved by the testimony of A. O. Zabriskie, esquile, who drew and witnessed the execution of both bonds and mortgages, and before whom both mortgages were acknowledged, and who was also one of the Receivers of the Washington Bank-; and by the writing signed by De Groot and indorsed on the mortgage of Elizabeth Boyd. There can be no doubt that under these circumstances the mortgage of Elizabeth Boyd is the prior lien. Though the mortgage to De Groot was for a part of the consideration money for which he sold the premises to Demarest; yet he might agree that -Demarest should first execute and deliver to another, a mortgage on the same premises, and that such prior mortgage should -be first recorded. If by collusion between Demarest and Elizabeth Boyd, a mortgage had been made by Demarest to her without De Groot’s knowledge, and for the fraudulent purpose of interposing a prior lien, a court of equity would relieve; but here, the arrangement was made by De Groot’s express consent, and was, to the knowledge of De Groot, the inducing cause or reason of the loan by Elizabeth Boyd t.o Demarest. It would be a fraud on her, to permit De Groot, t,o postpone her claim ; nor can her claim be postponed in favor of De Groot’s assignee. Her mortgage was first recorded; and it was so recorded by the consent and agreement of De Groot.
The evidence of Lewis B. Cobb, that when the assignment by De Groot to complainant was made, De Groot produced a paper purporting to be a certificate of the clerk of Bergen, setting forth that the mortgage assigned was the first and only mortgage, if at all competent, could not avail the complainant. That paper was taken away by De Groot, and is not produced in evidence. But if the clerk gave any such certificate, it could not affect the mortgage of Elizabeth Boyd, if it was contrary to the fact.
Demarest, the mortgagor, sets up in his answer, that the assignment to the complainant of the De Groot mortgage wm *118 usurious. That De Groot, when he made the assignment, gave :his personal guaranty, by writing under his hand, to the complainant,.that the complainant should receive from the said bond .and mortgage the whole sum mentioned therein, and interest; ■that this guaranty made the assignment usurious, and that no decree should be made dn favor-of the complainant. No such guaranty appears in the written assignment, and no proof of ■any guaranty is made in the cause. The counsel for Demarest .contends, that the allegation to that effect in Demarest’s answer ;is sufficient proof of the fact, unless disproved by testimony on the part of the' complainant. This position cannot be maintained. A replication was filed. The complainant proves and .produces the mortgage and an assignment thereof to him, in •which no guaranty appears; and the defendant "gives no evidence whatever of the allegation in his answer. The cases cited by the defendant’s counsel from 1 -Green, cannot be supposed to sanction the idea that, under such circumstances, the allegation of the answer is sufficient -to establish the fact of usury. If a complainant sets down his cause for hearing on bill and answer, the answer is evidence of the facts set up in defence-; but matters respecting which no inquiry is made by the bill, and which are set up in the answer in avoidance or in bar, are denied by the replication, and must be proved aliunde.
There is no proof, therefore, before the court, of the guaranty, on the allegation of which the defence of usury is set up.
This makes it unnecessary to consider, whether the principle adopted by our supreme court in the case of Freeman v. Brittan, in reference to usurious indorsements of commercial paper, would be applicable to this case if the guaranty was proved.
A decree will be made for the sale of the premises, to pay, first, the mortgage to the defendant, Elizabeth Boyd, and next, the mqrtgage held by the complainant.